Mr. Justice Nelson,
(with whom concurred Grier and Clifford, JJ.,) dissenting:
I am unable to concur in tbe opinion just delivered.
The instruments, in the form of bills of exchange, drawn by Russell, Majors & Waddell, upon, and accepted by Floyd, Secretary of War, were drawn on “ account of our contract for supplies for tbe army in Utah,” or “ on account of our transportation contract of tbe 12th of April, 1860.”
These are not bills of exchange in the sense of tbe law merchant, or possessing tbe properties of negotiable paper. They are drawn upon a particular fund, in terms which may or may not be sufficient to pay tbe bills, and hence a contingency exists whether or not they will be paid at maturity. All the cases agree that the money mentioned in the instrument must be payable absolutely and at all events, and not made to depend upon any uncertainty or contingency. ■ (3 Kent’s Com., 76-7, and notes ; Story on Bills of Exchange, § 46.)
The instruments not being negotiable, the assignees or holders taking them are subject to all the equities that may exist between the acceptor and drawer, and stand in no better position, in the present case, than Russell, Majors & Waddell. As between these parties and the Government, the obligation assumed by Floyd, as representing, it by his acceptance, was to account and supply all the moneys due, or that might become due on the contracts for transportation or supplies, specified in the bills or drafts, at their maturity. To this extent the Government became bound to the contractors or to the assignees or holders of the same-; and as the acceptance by the Secretary assumes or implies that there were some funds due, or might become due on the contracts in his hands, subject to these drafts, the onus was on the Government to give evidence of the amount, or to state the account with the drawer, so as to ascertain the *77 amount due, if any. This evidence was peculiarly in tbe power of tbe Government. As no sucb adjustment bas been made, for augbt that appears, tbe Government may now bave in its bands moneys belonging to these contractors to pay tbe drafts.
I am of opinion, also, that under tbe sixth section of tbe Act of May 1,1820, it was competent for tbe Secretary of War to accept bills of exchange in behalf of these contractors, and if tbe bills in question bad possessed negotiable properties, tbe Government would bave been bound to a lona-fule bolder for value.
That section provides u that no contract shall hereafter be made by tbe Secretary of State, or of tbe Treasury, or of the Department of War, or of the Navy, except under a law authorizing tbe same, or under an appropriation adequate to its fulfillment; and excepting, also, contracts for the subsistence and clothing of tbe Army or Navy, and contracts by tbe Quartermaster’s Department, which may be made by tbe Secretaries of these Departments.”
It will thus be seen that contracts for tbe subsistence and clothing of tbe Army or Navy, by tbe Secretaries, are not tied up by any necessity of an appropriation or law authorizing it. Tbe reason of this is obvious. Tbe Army and Navy must be fed and clothed, and cared for at all times and places, and especially when in distant service. Tbe army in Mexico or Utah are not to be disbanded and left to take care of themselves because tbe appropriation by Congress for tbe service bas been exhausted, or no law can be found on tbe statute-book authorizing a contract for supplies. Tbe above act confers upon tbe Secretaries full authority to contract for these supplies, and which bind the Government; and the most ready and convenient mode of accomplishing this, would be by accepting bills of exchange drawn by tbe contractors of tbe distant army or navy, upon tbe Secretaries at home.
Tbe credit of tbe Government, thus pledged, would at once furnish tbe necessary subsistence, clothing, and shelter.'
Our conclusion is, that the judgment below should be reversed, and tbe case remitted, with directions to grant á new trial, and further proofs taken, that complete justice may be done between the parties.